UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

CSX CORPORATION,

                Plaintiff,

      v.

THE CHILDREN'S INVESTMENT FUND
MANAGEMENT (UK) LLP, THE
CHILDREN'S INVESTMENT FUND
MANAGEMENT (CAYMAN) LTD., THE
CHILDREN'S INVESTMENT MASTER
FUND, 3G CAPITAL PARTNERS LTD., 3G
CAPITAL PARTNERS, L.P., 3G FUND, L.P.,
CHRISTOPHER HOHN, SNEHAL AMIN
AND ALEXANDRE BEHRING, A/K/A
ALEXANDRE BEHRING COSTA,

                Defendants.

ECF CASE

08 Civ. 02764 (LAK)(KNF)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08

---

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

    The parties, by and through their respective counsel, having agreed that an order is necessary to protect the confidentiality of documents and other information obtained in the course of discovery in this litigation (the "Action"), IT IS HEREBY STIPULATED AND ORDERED THAT

    1.    For purposes of this Protective Order, the following definitions shall apply:

        a.    The term "DOCUMENT" shall include any writings, drawings, graphs, charts, photographs, phonorecords, records, exhibits, reports, samples, transcripts, oral

testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, databases, version control systems, communications, letters, correspondence, e-mails and attachments thereto, source code and object code, answers to interrogatories, responses to requests for admissions, or motions, and/or any other document or thing which may be delivered from or on behalf of a DISCLOSING PARTY (defined below) to another in connection with the Action including, without limitation, copies, or information stored on any storage device or computer.

  b. The term "DISCLOSING PARTY" is defined herein as any party or nonparty who is requested to produce or produces DOCUMENTS or testimony through discovery in this Action.

  c. The term "CONFIDENTIAL INFORMATION" is defined herein as information or DOCUMENTS or other materials that the DISCLOSING PARTY in good faith believes is not publicly known that would be valuable to third parties, including but not limited to the DISCLOSING PARTY'S actual and potential competitors, and that the DISCLOSING PARTY would not normally reveal, and has not revealed, to third parties without an agreement to maintain it in confidence.

  d. "CONFIDENTIALITY LEGEND" is defined herein as a label placed upon material that contains CONFIDENTIAL INFORMATION and clearly designates the information as "CONFIDENTIAL". Such CONFIDENTIALITY LEGEND and any other mark or version control number (e.g., Bates number) added to DOCUMENTS shall not obscure or deface any information contained within the DOCUMENT.

e. "ATTORNEYS' EYES ONLY LEGEND" is defined herein as a label placed upon material that contains CONFIDENTIAL INFORMATION in the same manner as a CONFIDENTIALITY LEGEND. An ATTORNEYS' EYES ONLY LEGEND may be placed on CONFIDENTIAL INFORMATION that discloses strategy of a DISCLOSING PARTY, the disclosure of which would provide any other party to this lawsuit with a competitive advantage in the proxy contest that is the subject of this lawsuit. CONFIDENTIAL INFORMATION that is designated ATTORNEYS' EYES ONLY may only be disclosed and used in the manner described in paragraph 5 below.

f. "THIRD PARTY CONFIDENTIALITY LEGEND" is defined herein as a label placed upon material that contains CONFIDENTIAL INFORMATION of a third party that (1) clearly designates the information as "CONFIDENTIAL" and (2) provides information sufficient to identify the third party. Such THIRD PARTY CONFIDENTIALITY LEGEND and any other mark or version control number (e.g., Bates number) added to DOCUMENTS shall not obscure or deface any information contained within the DOCUMENT.

g. "COURT" is defined herein as encompassing the trial court that issued this Order and its authorized personnel and any appellate courts that hear this Action on appeal and their authorized personnel.

h. "LITIGATION SUPPORT SERVICES" is defined herein as encompassing copy services, documents production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants, and mock jurors.

2. Applicability of this Order: All CONFIDENTIAL INFORMATION, and all copies, excerpts, and summaries thereof and material containing information derived therefrom, filed with the Court, submitted to the Court in connection with a hearing or trial, or produced or served either by a party or by a non-party, to or for any of the other parties, shall be governed by this Protective Order and used only for the purposes of this Action and not for any other purpose or function, including without limitation any business, legal, competitive, or governmental purpose or function. The terms of this Protective Order shall apply to all manner and means of discovery, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, DOCUMENTS, and tangible things.

3. Designating Information: If, in the course of this Action, a DISCLOSING PARTY discloses information that the DISCLOSING PARTY in good faith contends is CONFIDENTIAL INFORMATION, that DISCLOSING PARTY may designate such information as such by applying to the material that contains the information the CONFIDENTIALITY LEGEND, which shall read "CONFIDENTIAL".

    a. If any CONFIDENTIAL INFORMATION cannot be labeled with the CONFIDENTIALITY LEGEND, it shall be placed in a container that is in turn marked "CONFIDENTIAL" in a manner agreed upon by the disclosing and requesting parties.

    b. Initial Inspections of Materials: In the event materials are to be subject to an initial inspection, e.g., in order for the requesting party to decide whether to copy all or only parts of a production, the materials shall be treated as containing CONFIDENTIAL INFORMATION for purposes of the initial inspection, thereby limiting those who may conduct such an initial inspection to those permitted by Section 4 to view CONFIDENTIAL INFORMATION. After the initial inspection, the DISCLOSING

PARTY may, if appropriate, prior to or contemporaneously with the copying of the materials, designate the inspected materials as CONFIDENTIAL INFORMATION.

  c. Depositions: Counsel for the deponent or for a party may designate any part or all of a deposition as confidential by notifying all counsel of record prior to or during the deposition of the confidentiality designation. In the case of testimony not so designated prior to or during the course of a deposition, counsel may, within ten (10) business days of receipt of the official transcript, notify the parties of those portions of the deposition testimony that contain CONFIDENTIAL INFORMATION, in which case such designated testimony shall be subject to the full protection of this Order. Unless otherwise agreed by all counsel, all deposition testimony shall be treated as CONFIDENTIAL INFORMATION until the expiration of the ten (10) business day period. If a deposition concerns CONFIDENTIAL INFORMATION, counsel for the deponent or for a party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized to have access to CONFIDENTIAL INFORMATION under this Protective Order. A party designating a portion of the testimony as CONFIDENTIAL INFORMATION may also request that the affected portions be bound separately from the rest of the transcript. In accordance with Section 15 of this Protective Order, the non-designating party may request that the designating party review a particular designation, in which event the designating party shall review the designation in question and shall have the option of changing it and shall give notice to the other party in writing, or at the deposition, if a change is made.

  d. Deposition Exhibits: An exhibit to a deposition shall be treated in accordance with the confidentiality designation already given to it or, if the exhibit has

not been previously produced, given to it on the record at the time of the deposition. The designation of a deposition as CONFIDENTIAL INFORMATION or the de-designation of a deposition from CONFIDENTIAL INFORMATION shall not affect the confidentiality status of exhibits presented at the deposition.

  e.  Inadvertent Failure to Designate: If a party to this Order inadvertently fails to designate information as CONFIDENTIAL INFORMATION such failure shall not constitute a waiver of the DISCLOSING PARTY'S right to so designate such information. In the event that such an inadvertent failure occurs, the DISCLOSING PARTY shall upon discovery of the inadvertent failure promptly notify in writing all parties known to have received the information in question, and provide them with appropriately marked substitute copies of the affected information. Until a receiving party receives such notification, any disclosure made by that party of the information to those not permitted by this Order to have access to the information shall not constitute a violation of this Order. However, upon receiving such notification, the receiving party shall request all parties to whom the information was disclosed by the receiving party but who are not permitted to have access to such information under the terms of this Order to return the information to the DISCLOSING PARTY. If the receiving party does not obtain the return of all CONFIDENTIAL INFORMATION, it shall inform the disclosing party of those to whom the CONFIDENTIAL INFORMATION has been disclosed and the disclosing party may undertake to obtain the return of the CONFIDENTIAL INFORMATION. The receiving party shall also destroy all copies of the incorrectly labeled information and replace them with the substitute copies provided by the DISCLOSING PARTY.

4.  Persons Permitted to Access Confidential Information: Access to information that has been designated as CONFIDENTIAL INFORMATION shall be limited to the following persons:

  a.  The Court, and its support staff and other authorized Court personnel, and jurors and alternate jurors, if any;

  b.  Counsel (in-house and outside) for the parties to this Action and any persons regularly employed, including as independent contractors, by such attorneys or their firms, when working in connection with this litigation under the direct supervision of attorneys of said firms;

  c.  A party to this litigation and its officers, directors or employees only to the extent that such persons are assisting counsel for that party in the conduct of this litigation;

  d.  Any bona fide independent expert, consultant, or similar person, who has been consulted for the purpose of being retained, or who has been retained by counsel to provide assistance, expert advice, technical consultation or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this litigation under the direct supervision of said persons, so long as the person signs the Declaration and Acknowledgement form that is attached hereto as Exhibit A;

  e.  Stenographers and videographers who take, record or transcribe testimony in this Action, either at deposition or at a hearing or trial, to the extent necessary to carry out their services;

  f.  LITIGATION SUPPORT SERVICES, as defined in Section 1, to the extent necessary to carry out their services.

  g.  Any individual who previously had rightful access to the CONFIDENTIAL INFORMATION in question in the ordinary course of his or her business or employment, as authorized by the DISCLOSING PARTY, in the form that the CONFIDENTIAL INFORMATION was produced by the DISCLOSING PARTY, in the ordinary course of business or employment;

  h.  Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the DISCLOSING PARTY OR PARTIES; and

  i.  Other persons to whom the DISCLOSING PARTY specifically and in writing allows disclosure.

5. Persons Permitted Access to Confidential Information Designated with ATTORNEYS' EYES ONLY LEGEND: Access to CONFIDENTIAL INFORMATION that has been designated with an ATTORNEYS' EYES ONLY LEGEND shall be limited to the persons identified in paragraph 4, above, and subject to the following additional restrictions:

  a.  Other than the DISCLOSING PARTY, no persons identified in 4(c) above shall have access to any CONFIDENTIAL INFORMATION designated with the ATTORNEYS' EYES ONLY LEGEND. Nothing in this Order shall prohibit the use of CONFIDENTIAL INFORMATION designated with the ATTORNEYS' EYES ONLY LEGEND at a deposition of any officer, director or employee of the DISCLOSING PARTY of that CONFIDENTIAL INFORMATION. If counsel seeks to use such CONFIDENTIAL INFORMATION designated with the ATTORNEYS' EYES ONLY

LEGEND during a deposition, no officer, director or employee of the non-disclosing party shall be permitted to be present in the room at the time of use.

6. Storage and Custody: Counsel for each party to this Protective Order shall use the same care and discretion to avoid disclosure of CONFIDENTIAL INFORMATION as the receiving party uses with its own similar information that it does not wish to disclose to prevent the unauthorized or inadvertent disclosure of any information designated as CONFIDENTIAL INFORMATION under this Protective Order.

7. Filing under Seal: Any information designated as CONFIDENTIAL INFORMATION that is included with, or its contents are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court shall be filed in sealed envelopes, or other appropriately sealed containers, prominently marked with the following notations:

    a. The style of the Action and case number (08 Civ. 02764 (LAK));

    b. The name of the filing party;

    c. An indication of the filing's contents, such as the title of the filing; and

    d. A statement substantially similar to the following: CONFIDENTIAL INFORMATION—SUBJECT TO COURT ORDER THIS ENVELOPE SHALL NOT TO BE OPENED AND THE CONTENTS SHALL NOT BE DISPLAYED, COPIED, OR REVEALED EXCEPT BY COURT ORDER OR BY THE WRITTEN AGREEMENT OF THE PARTIES.

8. No Summaries: CONFIDENTIAL INFORMATION shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order. Notwithstanding the foregoing, nothing in this Order

prohibits counsel for either party from advising their respective clients of the presence or absence of evidence supporting or refuting the claims or defenses in this Action.

9.  Challenging a Designation: At any time, a party to this Order may challenge the designation of information as CONFIDENTIAL INFORMATION by notifying the DISCLOSING PARTY in writing of the information that the challenging party in good faith believes should not have been given a designation of CONFIDENTIAL INFORMATION. The parties shall then confer within five (5) business days to try to resolve the matter, and if unable to resolve the matter, may thereafter seek the Court's assistance. The burden of proof shall be on the DISCLOSING PARTY to show that the designation is appropriate under this Order. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. By failing to object to the designation of information upon its production, a party does not waive its right to object at a future time to that designation.

10. Designation by Non-Parties: A non-party to this Action that produces information to any party to this Action in connection with this Action, whether or not pursuant to a subpoena, may avail itself of the protections afforded by this Order, by placing a CONFIDENTIALITY LEGEND on such information.

11. Confidentiality Interests of Third Parties: A party may refuse to produce otherwise discoverable information pursuant to a subpoena, deposition question, or discovery request, if the party is under an obligation to a third party not to disclose such information. In such an event, the objecting party shall:

      a.      Promptly provide to the person or entity whose confidentiality interests are implicated (i) notice of its intention to disclose the information in question and (ii) a copy of this Order; and

      b.      Within ten (10) business days of the notice sent pursuant to (a), (i) produce the requested information in question in compliance with this Order, save the substitution of THIRD PARTY CONFIDENTIALITY LEGEND for CONFIDENTIALITY LEGEND, unless the request is otherwise objectionable, or the person or entity whose confidentiality interests are implicated moves for or obtains a protective order precluding such disclosure from this Court within that time; and (ii) advise the requesting party of any heightened confidentiality restrictions applying to the requested information in question, by which heightened restrictions the parties to this action agree to be bound.

12.      No Waiver of Rights: This Order shall not be deemed (a) a waiver of any party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any party's right to object to the admission of evidence on any ground; (d) a waiver of any party's or producing entity's right to use its own DOCUMENTS, testimony, transcripts, and/or other materials or things within its own discretion; (e) any waiver of the attorney-client privilege or protection of the work product doctrine; or (f) a waiver of any party's right to seek additional protection for certain materials or information. In the event that either party seeks such additional protection, that party shall first confer with the opposing party to reach agreement with respect to such additional protection. If the parties are unable to reach agreement, the party seeking such additional protection shall, within ten (10) business days after

the parties have conferred and failed to reach agreement, file a motion or application with this Court for an additional Protective Order.

13. Disclosure beyond the Terms of this Order: Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as CONFIDENTIAL INFORMATION consents to such disclosure in writing or on the record, or if the Court, after notice to all affected parties, orders such disclosure.

14. Inadvertent Disclosure of Confidential Information: Should any designated information be disclosed, through inadvertence or otherwise, to any person or party in violation of this Order, then the party responsible for the inadvertent disclosure shall use reasonable efforts to bind such person to the terms of this Order, and shall (a) promptly inform such person of all the provisions of this Order, (b) request such person to sign the Declaration and Acknowledgement (attached hereto as Exhibit A) and provide a copy thereof to all parties hereto (and, if such person does not agree to sign the Declaration and Acknowledgement, use reasonable efforts to retrieve the designated information promptly); and (c) identify such person immediately to the DISCLOSING PARTY that designated the document as CONFIDENTIAL INFORMATION.

15. Inadvertent Disclosure of Privileged Information: If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to claim of immunity or privilege, upon request made by the DISCLOSING PARTY, the information for which a claim of inadvertent production is made shall be returned within three (3) business days of such request

and, if an inadvertently or mistakenly produced document, all copies of that document that may have been made shall be destroyed. However, if the party receiving such information disputes the DISCLOSING PARTY'S claim of immunity or privilege, the receiving party may sequester the information in question and, within three (3) business days, submit the information in question to the Court for an *in camera* review, and the DISCLOSING PARTY may submit any documentation or affidavits supporting its claim of immunity or privilege. The receiving party may keep the information until such time as the Court renders an Order with respect thereto.

16.   Disclosure of a Party's Own Information: The terms of this Order shall in no way restrict a DISCLOSING PARTY'S right to reveal or disclose to anyone any DOCUMENTS or information designated by that party as CONFIDENTIAL INFORMATION.

17.   Final Disposition: Unless counsel agree otherwise in writing, within sixty (60) calendar days of the final disposition of this Action, the attorneys for the parties and experts and consultants shall return promptly, to the DISCLOSING PARTY or witness from whom they were obtained, all DOCUMENTS, other than attorney work-product, that have been designated CONFIDENTIAL INFORMATION or certify in writing that they have destroyed or deleted the same, including all DOCUMENTS or copies provided by a receiving party to any other person and all copies made thereof. Notwithstanding the foregoing, counsel (in-house and outside) for the parties shall be permitted to retain one copy of (a) materials created during the course of the Action, including attorney annotations and other work product; (b) work product of non-testifying consultants/experts; (c) materials made part of the Court record, or which have been filed under seal with the Clerk of the Court; (d) all depositions and Court transcripts, including exhibits; and (e) summaries of depositions. Such file copies must be maintained subject to the terms of this Order.

18. Use of CONFIDENTIAL INFORMATION at Trial: If a trial is scheduled, the parties shall confer in good faith to determine a method for introducing at trial material that has been designated as "Confidential". The parties shall submit their proposed method to the Court for approval. At trial, no party, witness, or attorney shall refer in the presence of the jury to this Protective Order or to any confidentiality designation made pursuant to this Order unless the Court first provides the jury with a brief explanation of the nature and purpose of the Order. In no event shall any party, witness, or attorney argue or suggest in the presence of the jury that a DISCLOSING PARTY acted wrongfully in designating material as CONFIDENTIAL.

19. Modification, Relief, and Retention of Jurisdiction: This Order will remain in full force and effect unless modified by an order of the Court or by the written stipulation of the parties hereto filed with the Court. The parties to this Action reserve all rights to apply to the Court at any time, before or after termination of this Action, for an order: (a) modifying this Protective Order, (b) seeking further protection against discovery or use of designated information, or (c) seeking further production, discovery, disclosure, or use of claimed designated information or other DOCUMENTS or information in this Action. Without limiting the foregoing, this Order survives and remains in full force and effect, and this Court shall retain jurisdiction to enforce all provisions of this Order, after termination of this Action.

20. No Liability for Innocent Disclosures: It is understood that no person or party shall incur liability with respect to any disclosure by the receiving party of CONFIDENTIAL INFORMATION that was inadvertently disclosed without proper designation by the DISCLOSING PARTY, provided the disclosure by the receiving party occurred prior to the receipt by the receiving party of a notice of the inadvertent disclosure without proper designation.

21. No Effect on Other Litigation: The existence or nonexistence of a designation under this Protective Order shall have no effect or bearing on any other litigation.

22. No Admissions: Unless the parties stipulate otherwise, the designation or acceptance of any information designated pursuant to this Protective Order shall not constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

23. No Effect on Existing Confidentiality Restrictions: A designation of CONFIDENTIAL INFORMATION under this Protective Order shall have no effect on existing confidentiality restrictions governing information previously exchanged between the Parties. Existing confidentiality restrictions, if any, that govern use and/or disclosure of information previously exchanged between the parties shall take precedence over this Protective Order when the terms of the former are less restrictive than those of the latter.

March 27, 2008

SCHULTE ROTH & ZABEL LLP

By: _____
Howard O. Godnick
Yocheved Cohen
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for The Children's Investment Fund Management (UK) LLP, The Children's Investment Fund Management (Cayman) LTD, The Children's Investment Master Fund, Christopher Hohn and Snehal Amin*

KIRKLAND & ELLIS LLP

By: _____
~~Peter Doyle~~ Matthew F. Dexter
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Attorneys for 3G Capital Partners Ltd, 3G Capital Partners, LP, 3G Fund, LP and Alexandre Behring (a/k/a Alexandre Behring Costa)*

CRAVATH, SWAINE & MOORE LLP

By: _____
Rory O. Millson
Francis P. Barron
David R. Marriott
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Attorneys for CSX Corporation*

Notwithstanding anything to the contrary herein, any papers filed under seal in this action may be made part of the public record on or after __3/31__, 20__13__ unless the Court otherwise orders.

SO ORDERED

Dated: 3/31/08    _____
                               U.S.D.J.

SO ORDERED:

_____
Lewis A. Kaplan
United States District Judge

Exhibit A on Following Page

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CSX CORPORATION,<br><br>                                   Plaintiff,<br><br>v.<br><br>THE CHILDREN'S INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDREN'S INVESTMENT FUND MANAGEMENT (CAYMAN) LTD., THE CHILDREN'S INVESTMENT MASTER FUND, 3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P., 3G FUND, L.P., CHRISTOPHER HOHN, SNEHAL AMIN AND ALEXANDRE BEHRING, A/K/A ALEXANDRE BEHRING COSTA,<br><br>                                   Defendants. | 08 Civ. 02764 (LAK) |

### DECLARATION AND ACKNOWLEDGEMENT OF

_____

I, _____, declare under penalty of perjury that the following statements are true and accurate:

1. My address is

_____

_____.

2. My present employer is and the address of my present employment is

_____

_____.

3.       My present occupation or job description is

_____.

4.       I have received a copy of the Protective Order in this lawsuit and I have carefully read and understand the provisions of the Protective Order.

5.       I will comply with all of the provisions of the Protective Order.

6.       I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this lawsuit, any CONFIDENTIAL, INFORMATION that is disclosed to me.

7.       I will advise any necessary assistant of mine of the nature of any CONFIDENTIAL INFORMATION that I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

8.       Upon completion of my work, I will return all CONFIDENTIAL INFORMATION that comes into my possession to counsel for the party by whom I am employed or retained.

9.       I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Declaration and Acknowledgment and the Protective Order in this Action.

Date: _____    _____