UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CSX CORPORATION,

Plaintiff,

v.

THE CHILDREN'S INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDREN'S INVESTMENT FUND MANAGEMENT (CAYMAN) LTD., THE CHILDREN'S INVESTMENT MASTER FUND, 3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P., 3G FUND, L.P., CHRISTOPHER HOHN, SNEHAL AMIN AND ALEXANDRE BEHRING, A/K/A ALEXANDRE BEHRING COSTA,

Defendants.

3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P. AND 3G FUND L.P.

Counterclaimants,

v.

CSX CORPORATION AND MICHAEL WARD,

Counterclaim Defendants.

ECF Case

08 Civ. 02764 (LAK) (KNF)

**ANSWER OF COUNTERCLAIM-DEFENDANT CSX CORPORATION AND THIRD PARTY DEFENDANT MICHAEL WARD TO THE COUNTERCLAIMS AND THIRD-PARTY CLAIMS OF DEFENDANTS 3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P. AND 3G FUND L.P.**

In answer to the averments of the Counterclaims and Third-Party Claims (collectively, "counterclaims") of defendants 3G Capital Partners Ltd., 3G Capital Partners, L.P. and 3G Fund L.P. (collectively, "3G"), Counterclaim Defendant CSX Corporation ("CSX") and Third-Party Defendant Michael Ward (collectively, "counterclaim defendants"), by and through

their attorneys, aver as follows, based upon personal knowledge as to their own actions and upon information and belief as to the actions and intent of others:

Counterclaim defendants deny the statements made in the unnumbered introductory paragraph to the counterclaims.

1. Deny the averments in paragraph 1 of the counterclaims, except admit that CSX has postponed the 2008 annual meeting of shareholders to June 25, 2008 and the record date for determining who may vote at that meeting to April 21, 2008.

2. Deny the averments in paragraph 2 of the counterclaims.

3. Deny the averments in paragraph 3 of the counterclaims.

4. State that they are without information sufficient to form a belief as to the truth of the averments of paragraph 4 of the counterclaims.

5. State that they are without information sufficient to form a belief as to the truth of the averments of paragraph 5 of the counterclaims

6. State that they are without information sufficient to form a belief as to the truth of the averments of paragraph 6 of the counterclaims.

7. Admit the averments of paragraph 7 of the counterclaims.

8. Deny the averments of paragraph 8 of the counterclaims, except admit that Mr. Ward is the Chairman and CEO of CSX; Mr. Ward has discretionary authority to control or influence certain aspects of CSX's conduct; CSX's common stock is traded in New York, where many investors are located; and Mr. Ward has traveled to New York for business in his capacity as CEO of CSX.

9. Admit the averments in paragraph 9 of the counterclaims.

10. Admit the averments in paragraph 10 of the counterclaims.

11. State that they are without information sufficient to form a belief as to the truth of the averments in paragraph 11 of the counterclaims.

12. State that they are without information sufficient to form a belief as to the truth of the averments in paragraph 12 of the counterclaims.

13. State that they are without information sufficient to form a belief as to the truth of the averments in paragraph 13 of the counterclaims.

14. Deny the averments in paragraph 14 of the counterclaims, except admit that 3G tried to arrange a meeting with CSX; that CSX was unsure whether 3G was a shareholder of CSX; that in or about May of 2007, 3G faxed to CSX a brokerage account statement; and that CSX agreed to meet with 3G and two CSX representatives visited 3G in New York.

15. State that they are without information sufficient to form a belief as to the truth of the averments in paragraph 15 of the counterclaims, except admit that 3G provided CSX with notice of a filing with the Federal Trade Commission under the Hart-Scott-Rodino Act relating to a potential 3G investment in CSX.

16. State that they are without information sufficient to form a belief as to the truth of the averments of paragraph 16 of the counterclaims, except admit that in June 2007, 3G representatives, including Mr. Behring, traveled to Jacksonville, Florida to meet with CSX management and that 3G did not tour CSX's operational facilities during the visit.

17. Deny the averments in paragraph 17 of the counterclaims, except admit that 3G representatives met with CSX CEO Michael Ward and others from CSX, and that 3G asked questions and made various proposals.

18. State that they are without information sufficient to form a belief as to the truth of the averments in paragraph 18 of the counterclaims.

19. State that they are without information sufficient to form a belief as to the truth of the averments of paragraph 19 of the counterclaims, except deny that there was or is an "underperforming status quo".

20. Deny the averments in paragraph 20 of the counterclaims.

21. State that they are without information sufficient to form a belief as to the truth of the averments in paragraph 21 of the counterclaims.

22. Deny the averments in paragraph 22 of the counterclaims.

23. Admit the averments in paragraph 23 of the counterclaims.

24. State that they are without information sufficient to form a belief as to the truth of the averments in paragraph 24 of the counterclaims, except admit that Ellen M. Fitzsimmons, Senior Vice President, Law & Public Affairs and Corporate Secretary, sent TCI a letter, dated January 15, 2008, acknowledging receipt of the Notice.

25. Deny the averments in paragraph 25 of the counterclaims and refer to the referenced letter for its contents.

26. State that they are without information sufficient to form a belief as to the truth of the averments in paragraph 26 of the counterclaims, except admit that CSX engaged in discussions with TCI about potential board representation.

27. Deny the averments in paragraph 27 of the counterclaims.

28. Deny the averments in paragraph 28 of the counterclaims, except admit that on March 5, 2008, Mr. Ward and TCI's Snehal Amin testified at a congressional hearing regarding investment in the railroad industry and refer to Mr. Amin's testimony for its contents.

29. Deny the averments in paragraph 29 of the counterclaims, except admit that Mr. Ward authored an editorial that appeared in the Washington Times on March 11, 2008, and refer to the editorial for its contents.

30. Deny the averments in paragraph 30 of the counterclaims and refer to the editorial and statements and/or testimony of Messrs. Ward and Amin for their contents.

31. Deny the averments in paragraph 31 of the counterclaims and refer to the editorial for its contents.

32. Deny the averments in paragraph 32 of the counterclaims.

33. Deny the averments in paragraph 33 of the counterclaims.

34. Deny the averments in paragraph 34 of the counterclaims, except admit that on March 17, 2008, CSX filed this lawsuit and announced that it was rescheduling its annual meeting and refer to CSX's complaint and announcement for their contents.

35. Deny the averments in paragraph 35 of the counterclaims and refer to the CSX bylaws for deadlines pertinent to shareholder meetings.

36. Deny the averments in paragraph 36 of the counterclaims, except admit that CSX issued a press release concerning the litigation and refer to the press release for its contents.

37. Deny the averments in paragraph 37 of the counterclaims, except admit that CSX issued a press release concerning the litigation and refer to the referenced document for its contents.

38. Deny the averments in paragraph 38 of the counterclaims.

39. Deny the averments in paragraph 39 of the counterclaims.

40. Admit the averments in paragraph 40 of the counterclaims.

41. Deny the averments in paragraph 41 of the counterclaims, except admit that the five nominees are independent of CSX management.

42. Deny the averments in paragraph 42 of the counterclaims.

43. Deny the averments in paragraph 43 of the counterclaims, except admit that at CSX's 2007 annual shareholders meeting on May 2, 2007, CSX's shareholders considered a non-binding proposal to amend CSX's bylaws and refer to the proposal for its contents and admit that management opposed the proposal and that shareholders approved it.

44. Deny the averments in paragraph 44 of the counterclaims, except admit that on February 4, 2008, CSX's board approved an amendment to the bylaws and refer to the amendment for its contents.

45. Deny the averments in paragraph 45 of the counterclaims and refer to the referenced amendments for their contents.

46. Deny the averments in paragraph 46 of the counterclaims and refer to the referenced amendment for its contents.

47. Deny the averments in paragraph 47 of the counterclaims.

48. Deny the averments in paragraph 48 of the counterclaims.

49. Deny the averments in paragraph 49 of the counterclaims.

50. Deny the averments in paragraph 50 of the counterclaims, except admit that CSX has placed the consideration of a bylaw amendment on the agenda for the 2008 annual meeting of shareholders and that shareholders made related proposals and refer to the referenced documents for their contents.

51. Deny the averments in paragraph 51 of the counterclaims.

52. Admit the averments in paragraph 52 of the counterclaims and refer to CSX's preliminary proxy statement for its contents.

53. Deny the averments in paragraph 53 of the counterclaims.

54. Deny the averments in paragraph 54 of the counterclaims.

55. Deny the averments in paragraph 55 of the counterclaims, except refer to the referenced documents for their contents.

56. Deny the averments in paragraph 56 of the counterclaims, except refer to the referenced documents for their contents.

57. Deny the averments in paragraph 57 of the counterclaims, except refer to the referenced documents for their contents and admit that under CSX's shareholder-approved Omnibus Incentive Plan, the Board may award CSX executives and employees with a variety of equity-based performance compensation; and that the Board's compensation committee has issued target performance grants to executive officers and other employees under long-term incentive plans.

58. Deny the averments in paragraph 58 of the counterclaims, except refer to the referenced documents for their contents and admit that the Director Stock Plan requires that at least 50 percent of each Director's total compensation must be in the form of CSX common stock.

59. Deny the averments in paragraph 59 of the counterclaims.

60. Deny the averments in paragraph 60 of the counterclaims, except admit that on May 1, 2007, CSX awarded performance grants under the 2007-2009 LTIP for more than 600 employees, and on May 8, 2007, CSX made a series of public announcements and refer to those announcements for their contents.

61. Deny the averments in paragraph 61 of the counterclaims, except admit that on May 8, 2007, the volume of CSX shares traded on the market exceeded the previous day's trading.

62. Deny the averments in paragraph 62 of the counterclaims.

63. Deny the averments in paragraph 63 of the counterclaims, except admit that CSX awarded performance grants under the 2006-2007 and 2006-2008 LTIPs on May 4, 2006.

64. Deny the averments in paragraph 64 of the counterclaims, except admit that the 2007-2009 LTIP target grants are based on a dollar value which is translated into a number of target units depending on the average of the high and low share prices for CSX common stock on the date of the grant.

65. Deny the averments in paragraph 65 of the counterclaims.

66. Deny the averments in paragraph 66 of the counterclaims, except admit that Mr. Ward received a target performance grant of $4,000,010 under the LTIP on May 1, 2007.

67. Deny the averments in paragraph 67 of the counterclaims, except admit that pursuant to the terms of the Amended and Restated CSX Corporation Stock Plan for Directors ("Directors Stock Plan"), as amended, 50 percent of the annual retainer payable to each non-management director of CSX was paid to such directors in the form of common stock on May 2, 2007.

68. Deny the averments in paragraph 68 of the counterclaims and refer to the referenced document for its contents.

69. Deny the averments in paragraph 69 of the counterclaims.

70. Deny the averments in paragraph 70 of the counterclaims, except admit that an annual meeting of shareholders took place on May 2, 2007; on that day, the non-management directors were each awarded $37,500 worth of shares of CSX common stock pursuant to the Directors Stock Plan based on the average of the high and low prices for CSX common stock on May 1, 2007; and CSX made public announcements on May 8, 2007.

71. Deny the averments in paragraph 71 of the counterclaims.

72. Deny the averments in paragraph 72 of the counterclaims, except refer to the referenced complaint for its contents and state that they are without information sufficient to form a belief as to the truth of the averments as to 3G.

73. Deny the averments in paragraph 73 of the counterclaims.

74. Deny the averments in paragraph 74 of the counterclaims.

75. Deny the averments in paragraph 75 of the counterclaims.

76. Deny the averments in paragraph 76 of the counterclaims, except refer to the CSX Proxy for its contents.

77. Repeat and reallege their responses to paragraphs 1-76 of the counterclaims as if fully set forth herein.

78. Deny the averments in paragraph 78 of the counterclaims.

79. Deny the averments in paragraph 79 of the counterclaims.

80. Deny the averments in paragraph 80 of the counterclaims.

81. Deny the averments in paragraph 81 of the counterclaims.

82. Deny the averments in paragraph 82 of the counterclaims.

83. Deny the averments in paragraph 83 of the counterclaims.

84. Repeat and reallege their responses to paragraphs 1-83 of the counterclaims as if fully set forth herein.

85. Deny the averments in paragraph 85 of the counterclaims, except admit that Mr. Ward has discretionary authority to control or influence certain aspects of CSX's conduct.

86. Deny the averments in paragraph 86 of the counterclaims.

87. Repeat and reallege their responses to paragraphs 1-87 of the counterclaims as if fully set forth herein.

88. Deny the averments in paragraph 88 of the counterclaims and refer to the referenced statute for its contents.

89. Deny the averments in paragraph 89 of the counterclaims and refer to the referenced document for its contents.

90. Deny the averments in paragraph 90 of the counterclaims and refer to the referenced statute for its contents.

91. Deny the averments in paragraph 91 of the counterclaims and refer to the referenced document for its contents.

**AFFIRMATIVE DEFENSES**

First Defense

The requested relief is barred by the doctrine of unclean hands.

Second Defense

All the material facts have been disclosed to the shareholders.

Third Defense

Because 3G's counterclaims are in reality breach of fiduciary duty claims, improperly pleaded as federal securities claims, 3G lacks standing to assert the claims at issue.

Fourth Defense

Counterclaim defendants acted in good faith and did not induce the alleged violations.

WHEREFORE, Counterclaim Defendant CSX Corporation and Third-Party Defendant Michael Ward pray that this Court enter judgment in favor of CSX and Mr. Ward and against 3G, dismissing the counterclaims and third-party claims with prejudice and granting such other and further relief as the Court deems just and proper, including costs, disbursements and attorneys' fees.

April 24, 2008

CRAVATH, SWAINE & MOORE LLP,

by ______________________________
Rory O. Millson
Francis P. Barron
David R. Marriott

Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

RMillson@cravath.com
FBarron@cravath.com
DMarriott@cravath.com

*Attorneys for Plaintiff and Counterclaim Defendant CSX Corporation and Third-Party Defendant Michael Ward*