UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF NEW YORK

| | |
|---|---|
| CSX CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CHILDREN'S INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDREN'S INVESTMENT FUND MANAGEMENT (CAYMAN) LTD., THE CHILDREN'S INVESTMENT MASTER FUND, 3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P., 3G FUND, L.P., CHRISTOPHER HOHN, SNEHAL AMIN AND ALEXANDRE BEHRING, A/K/A ALEXANDRE BEHRING COSTA,<br><br>    Defendants. | ECF Case<br><br>08 Civ. 02764 (LAK) (KNF) |
| THE CHILDREN'S INVESTMENT MASTER FUND,<br><br>    Counterclaim and Third-Party Plaintiff,<br><br>    v.<br><br>CSX CORPORATION AND MICHAEL WARD,<br><br>    Counterclaim and Third-Party Defendants. | **DEFENDANTS' PROPOSED FINDINGS OF FACT ON THE CONDUCT OF THE TRIAL** |
| 3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P. AND 3G FUND, L.P.,<br><br>    Counterclaim Plaintiffs,<br><br>    v.<br><br>CSX CORPORATION AND MICHAEL WARD,<br><br>    Counterclaim Defendants. | |

Defendant The Children's Investment Fund Management (UK) LLP, Defendant The Children's Investment Fund Management (Cayman) Ltd., and Defendant and Third Party Plaintiff The Children's Investment Master Fund (collectively, "TCI"); Defendants and Counterclaim Plaintiffs 3G Capital Partners Ltd., 3G Capital Partners, L.P., and 3G Fund, L.P. (collectively, "3G"); and Defendants Christopher Hohn, Snehal Amin, and Alex Behring respectfully submit the following the Proposed Findings of Fact On the Conduct of the Trial.

**Preliminary Statement**

At the close of trial in this matter, the Court ordered that the parties submit proposed findings of fact and conclusions of law.  Plaintiff CSX Corporation and Third-Party Defendant Michael Ward (collectively "Plaintiff" or "CSX") have submitted proposed findings of fact on the conduct of the trial.  The Court has granted the parties an opportunity to respond. Defendants object to CSX's proposed findings as misleading argument inconsistent with the record evidence.

Defendants respectfully submit the following and request that the Court adopt these proposed findings.

**Proposed Findings of Fact Concerning the Trial**

1. A trial was held before the Court on May 21 and 22, 2008.

2. The issues before the Court relating to the claims are as follows:

    2.1. Are TCI and 3G beneficial owners of the CSX shares referenced in their swap arrangements within the meaning of Section 13 of the Securities Exchange Act of 1934 ("the '34 Act")?

    2.2. Did TCI and 3G act as a group with their swap counterparties, as defined by Section 13(d)(3) of the '34 Act?

    2.3. Did TCI and 3G act as a group with each other and others, as defined by Section 13(d)(3) of the '34 Act, prior to ten days before December 19, 2007?

  2.4. Did Defendants make material misleading statements and omissions in their disclosures pursuant to Sections 13(d) and 14(a) of the '34 Act?

  2.5. Are Mr. Hohn and Mr. Behring controlling persons of TCI, 3G, and the TCI/3G group within the meaning of Section 20(a) of the '34 Act?

  2.6. Did Defendants' January 8, 21, and 25, 2008, notices to CSX of their intent to nominate directors comply with Article I, Section 11(a)(ii) of CSX's Bylaws?

3. The issues before the Court relating to the counterclaims are as follows:

  3.1. Did CSX make misleading statements or omissions regarding equity-based performance grants to certain executives and stock awards to non-management directors in its disclosures pursuant to Section 14(a) of the '34 Act and the regulations thereunder?

  3.2. Did CSX make other misleading statements or omissions in its disclosures pursuant to Section 14(a) of the '34 Act and the regulations thereunder?

  3.3. Is Mr Ward a controlling persons of CSX within the meaning of Section 20(a) of the '34 Act?

  3.4. Does the Bylaw amendment adopted by the CSX Board in February 2008 violate Virginia law?

4. The following witnesses appeared at trial for TCI and 3G:

  4.1. Alexandre Behring, Managing Director of 3G, who testified in connection with his railroad experience, 3G's background and investment in CSX, and the credit crisis and market uncertainty in the summer of 2007.

  4.2. Chris Hohn, partner and founder of TCI, who testified in connection with TCI's background, initial investment in the rail industry, investment in total return cash-settled swaps, attempts to discuss operations with CSX management, decision to purchase CSX common stock, interactions with other hedge funds, investor group formation, and negotiations over board seats.

  4.3. Snehal Amin, partner of TCI, who testified regarding TCI's initial investment in CSX, Hart-Scott-Rodino filing, reducing its counterparty exposure, group formation, and notification of its proposed slate of directors.

  4.4. In addition, the depositions of Richard Kennedy of Citigroup and John Arnone and Paul Busby of Deutsche Bank were accepted in lieu of direct testimony, pursuant to stipulation of the parties.

5. The following witnesses appeared at trial for CSX:

    5.1. Michael J. Ward, chairman and chief executive officer of CSX.

    5.2. Oscar Munoz, CSX's chief financial officer.

    5.3. David H. Baggs, who is in charge of CSX's investor relations.

    5.4. Edward J. Kelly III, presiding director of CSX's Board of Directors.

    5.5. Alan Miller, co-chairman of Innisfree M&A Incorporated. Portions of Mr. Miller's witness statement are subject to defendants' motion to strike, which the Court will consider.

6. The Court received in evidence numerous documentary exhibits, as well as designations and counterdesignations from pretrial depositions, subject to the parties' objections, which the Court will consider.

7. The expert reports of Bradford Cornell, Daniel Fischel (DX 148), Marti Subrahmanyam, and Frank Partnoy (DX 149 and 150) were submitted to the Court pursuant to stipulation dated May 18, 2008. Professor Subrahmanyam limited his report to TCI and stated no opinion as to 3G.

8. On May 22, 2008, the Court wrote to the General Counsel of the SEC asking that the SEC provide its views, as amicus curiae, on the following issues:

    1.) Did the defendants have beneficial ownership, within the meaning of Regulation 13D, of the CSX shares held by their cash settled total return equity swap counterparties?

    2.) What mental state is required to establish the existence of a plan or scheme within the meaning of Rule 13d-3(b)?

In view of the expedited schedule, the Court requested any views that the SEC wished to express by June 4, 2008.

9. At the conclusion of the trial, the Court requested that the parties provide proposed findings of fact and conclusions of law by 5 p.m. on May 27, 2008, and that any replies be provided by 4 p.m. on May 29, 2008.

10. With respect to TCI and 3G's witnesses:

    10.1. The Court had the opportunity to view the cross-examination of Messrs. Behring, Hohn, and Amin and finds them to be credible.

    10.2. Having heard no challenge to the testimony of Mr. Kennedy, Mr. Arnone, and Mr. Busby, the Court accepts their testimony as credible.

3

11. With respect to CSX's witnesses:

11.1. **Michael Ward**

11.2. Mr. Ward's testimony on cross-examination was not credible and undermined the credibility of his direct testimony.

11.3. Mr. Ward's testimony that he negotiated in good faith with TCI to find common ground, is not credible.  (Tr. 11:19-11:21.)

11.4. Mr. Ward's testimony that in his communications with TCI, including his meeting with Mr. Hohn, he acted in good faith, is not credible.  (Tr. 12:4-12:6.)

11.5. Mr. Ward's testimony that one of the reasons he stated TCI should not be on CSX's board was for suggesting a leveraged buyout of CSX in early 2007, is not credible. (Tr. 16:25-17:8.)

11.6. Mr. Ward's testimony CSX did not consider whether a dividend increase would appeal to individual investors in a proxy contest, is not credible. (Tr. 20:21-21:1.)

11.7. Mr. Ward's testimony that he did not consider using the timing of the annual shareholder meeting as a tactic to make TCI less attractive to voters, is not credible.  (Tr. 21:5-21:7.)

11.8. Mr. Ward's testimony that he did not consider using the location of the annual shareholder meeting as a tactic to make TCI less attractive to voters, is not credible.  (Tr. 21:8-21:10, 23:24-24:2.)

12. **Edward Kelly**

12.1. Mr. Kelly's testimony on cross-examination was not credible and undermined the credibility of his direct testimony.

12.2. Mr. Kelly's testimony that he does not know whether CSX has a banking relationship with Citigroup, is not credible. (Tr. 28:2-28:5.)

13. **Oscar Munoz**

13.1. Mr. Munoz' testimony on cross-examination was not credible and undermined the credibility of his direct testimony.

13.2. Mr. Munoz' testimony that he did not recall suggesting at the April 16, 2007, CSX board meeting that the CSX board consider an additional billion-dollar share buyback, is not credible.  (Tr. 43:3-43:5.)

4

14. **David Baggs**

    14.1.   Mr. Baggs' testimony on cross-examination was not credible and undermined the credibility of his direct testimony.

    14.2.   Mr. Baggs' testimony that on a call with Mr. Schwartz "shortly thereafter February 21, 2007", Mr. Schwartz told him that 3G held a substantial position at CSX through swap contracts, is not credible. (Tr. 49:14-49:18, Tr. 50:17-50:25, 51:20-51:23, 52:13-52:19.)

    14.3.   Mr. Baggs' testimony that his testimony to the Securities and Exchange Commission about TCI on January 9, 2008 was "slightly mistaken", is not credible. (Tr. 56:5-56:10, 61:5-61:7.)

    14.4.   Mr. Baggs' testimony that Mr. Amin told him in a conversation after the November 14, 2006 conference that swaps could be converted into direct ownership of CSX stock, is not credible. (Tr. 63:8-63:11, 63:19-63:22.)

    14.5.   Mr. Baggs' testimony that as of the time of his deposition, he did not understand that a party could sell its swap contracts and buy stock on the open market as a means of changing its position from swap to stock, is not credible. (Tr. 64:19-64:23.)

15. **Alan Miller**

    15.1.   Mr. Miller's direct testimony includes impermissible opinion testimony, which the Court will not consider.

    15.2.   Mr. Miller's testimony on cross-examination was not credible, and undermined the credibility of his direct testimony.

    15.3.   Mr. Miller's testimony that it is not his experience that Deutschebank as a general matter either does not vote shares in contested situations or votes in line with the shareholder vote, is not credible. (Tr. 81:16-82:7.)

Dated:   May 29, 2008
         New York, NY

>Respectfully submitted,
>
>**SCHULTE ROTH & ZABEL LLP**
>
>By_____/ S/ Howard O. Godnick_____
>Howard O. Godnick
>Michael E. Swartz
>David Momborquette
>Attorneys for TCI, Christopher Hohn, and Snehal Amin
>919 Third Avenue
>New York, New York 10022
>Telephone: (212) 756-2000
>howard.godnick@srz.com
>david.momborquette@srz.com
>
>
>**KIRKLAND & ELLIS LLP**
>
>By _____/S/ Peter Doyle_____
>Peter Doyle
>Andrew Genser
>Attorneys for 3G and Alexandre Behring
>Citigroup Center
>153 East 53rd Street
>New York, New York 10022
>Telephone: (212) 446-4800
>pdoyle@kirkland.com
>agenser@kirland.com