UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CSX CORPORATION,<br><br>                              Plaintiff,<br><br>v.<br><br>THE CHILDREN'S INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDREN'S INVESTMENT FUND MANAGEMENT (CAYMAN) LTD., THE CHILDREN'S INVESTMENT MASTER FUND, 3G CAPITAL PARTNERS LTD.,  3G CAPITAL PARTNERS, L.P., 3G FUND, L.P., CHRISTOPHER HOHN, SNEHAL AMIN AND ALEXANDRE BEHRING, A/K/A ALEXANDRE BEHRING COSTA,<br><br>                              Defendants. | ECF Case<br><br>08 Civ. 02764 (LAK) (KNF) |
| THE CHILDREN'S INVESTMENT MASTER FUND,<br><br>           Counterclaim and Third-<br>                 Party Plaintiff,<br><br>v.<br><br>CSX CORPORATION AND MICHAEL WARD,<br><br>           Counterclaim and Third-<br>                 Party Defendants. | **DECLARATION OF HOWARD O. GODNICK** |
| 3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P. AND 3G FUND, L.P.,<br><br>                      Counterclaim Plaintiffs,<br><br>v.<br><br>CSX CORPORATION AND MICHAEL WARD,<br><br>                      Counterclaim Defendants. | |

- 2 -

**HOWARD O. GODNICK**, an attorney duly admitted to practice before this Court, hereby affirms the following to be true under penalties of perjury:

I am a member of the Bar of the State of New York and a partner with the firm of Schulte Roth & Zabel LLP, counsel to The Children's Investment Fund Management (UK) LLP, The Children's Investment Fund Management (Cayman) Ltd., The Children's Investment Master Fund, Christopher Hohn, and Snehal Amin. In accordance with the Court's Order, dated June 2, 2008, I attach hereto, as Exhibit A, a letter from myself to the Honorable Lewis A. Kaplan, United States District Judge.

                                                /s/ Howard O. Godnick
                                                Howard O. Godnick

Dated: New York, New York
       June 6, 2008

**Schulte Roth & Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Howard O. Godnick
212.756.2220

Writer's E-mail Address
howard.godnick@srz.com

June 6, 2008

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1310
New York, NY 10007

      Re: *CSX v. TCI et al.*, 08 Civ. 12764 (LAK) (KNF)

Dear Judge Kaplan:

      In accordance with the Court's Order, dated June 2, 2008, Defendants The Children's Investment Fund Management (UK) LLP, The Children's Investment Fund Management (Cayman) Ltd., The Children's Investment Master Fund, Christopher Hohn and Snehal Amin ("TCI") respectfully submit this letter in opposition to CSX Corporation's ("CSX") claim that TCI's assertion of privilege precludes it from relying on evidence in the trial record establishing that TCI acted in good faith by relying on counsel's advice regarding its disclosure obligations under Section 13(d).

      Mr. Hohn's testimony of TCI's good faith reliance on counsel was elicited by the Court, rather than by TCI. It was admitted into evidence, without objection. The Court should therefore consider the testimony as evidence of TCI's good faith. *See Howard v. SEC*, 376 F.3d 1136, 1147 (D.C. Cir. 2004) (rejecting the argument that defendant had "never claimed the defense of reliance of counsel" because "reliance on the advice of counsel need not be a formal

defense; it is simply evidence of good faith, a relevant consideration in evaluating a defendant's scienter").

This is not a situation in which TCI seeks to use the attorney-client privilege as "a shield and a sword." Unlike *E.G.L. Gem Lab Ltd. v. Gem Quality Institute, Inc.*, 90 F. Supp. 2d 277, 296 n.133 (S.D.N.Y. 2000), and other cases holding that a party may not introduce evidence of privileged communications to establish a good faith reliance defense while asserting the attorney-client privilege to prevent discovery on the issue, here, evidence of TCI's good faith reliance on counsel was elicited by the Court, *not by TCI*.

Nor is the fact that advice of counsel was not asserted constitute waiver of the issue. Indeed, in a similar situation, where testimony supporting good faith reliance on counsel is elicited by another party, it has been held that the failure to raise the issue in the pleadings does not constitute a waiver. *Kingsville Dodge, LLC v. Almy*, No. CCB-07-154, 2007 WL 2332699, at *4 (D. Md. July 30, 2007).

TCI did not raise good faith reliance on counsel in its Answer, during discovery or in the Amended Joint Final Pretrial Order. As the Court noted at trial, "there was relatively little attention given" to this issue. (Trial Tr. 222:2-4.) Indeed, neither Rule 13d-3(b) nor the word "evade" appears anywhere in the Counts contained in CSX's Complaint or in the Issues to Be Tried contained in the Amended Joint Final Pretrial Order. TCI therefore properly asserted the attorney-client privilege during discovery.[1] *See Williams v. Sprint/United Mgmt. Co.*, 464 F.

---

[1] In its Memorandum Providing Factual Substantiation ("Memorandum"), CSX devotes 16 pages to make the simple point that TCI asserted the attorney-client privilege during discovery. Sections III and IV of the Memorandum, which address TCI's assertion of privilege over communications with consultants hired by its counsel and TCI's Privilege Log, are clearly outside the scope of the Court's Order directing CSX to provide factual substantiation for its assertion that TCI foreclosed discovery on advice of counsel and should be disregarded. In any event, the Privilege Log entries listed by CSX show that TCI -- in good faith -- regularly sought the advice of counsel regarding its disclosure obligations, and the legality of its investment strategy.

2

Supp. 2d 1100, 1116 (D. Kansas 2006) (where "defendant's witnesses did not 'voluntarily' raise the advice-of-counsel issue," privilege is not waived); *Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd.*, No. 5:97-CV-369BR1, 1998 WL 1742589, at *6 (E.D.N.C. Sept. 28, 1998) (same).

It was not until trial that the question of whether TCI acted in good faith by relying upon counsel's advice became an issue when the Court examined Mr. Hohn:

> Q:   Do you have familiarity in general with SEC regulation 13D?  I gather you are not a lawyer, right?
>
> A:   Honestly, we retained Schulte Roth and Proskauer very early on before we made any investments and asked for legal advice from them on what was permissible under U.S. security regulations.  And we followed their advice.[2]

(Trial Tr. (Hohn Test. 187:8-14).)

Counsel for CSX did not object to this testimony, argue that it went beyond the parties' pleadings, or otherwise raise an issue whatsoever regarding this testimony. Moreover, after the Court's examination of Mr. Hohn, CSX's counsel was given the opportunity to re-cross examine Mr. Hohn, but chose to forego this opportunity to explore Mr. Hohn's reliance on the advice of counsel. *See United States v. Bilzerian*, 926 F.2d 1285, 1293 (2d Cir. 1991) (holding that defendant's testimony as to good faith reliance on advice of counsel "would open the door to cross-examination"); *United States v. Miller*, 600 F.2d 498, 501-02 (5th Cir. 1979) (same).

At the end of the trial, the Court sought guidance on an issue which no party previously had addressed in this litigation, namely, "what, if any, mental state would have to be

---

[2]   In its Memorandum, CSX incorrectly argues that Mr. Hohn's deposition testimony contradicts his trial testimony. (Memo. at 7 n.5.) First, as CSX explains in its submission, TCI witnesses were instructed not to reveal communications with counsel. Moreover, CSX misleadingly omits the fact that Mr. Hohn was instructed to answer only whether he asked anyone *outside of counsel* whether TCI was required to disclose its swap position. (Marriott Decl. Ex. 15 at 139:14-140:5 (deposition excerpt in which counsel instructed Mr. Hohn: "To the extent that you asked that question of counsel, I would instruct you not to answer. If you asked a question of anyone else on earth, then you can answer").)

shown to demonstrate a violation of [Rule 13d-3(b)]?" (Trial Tr. 223:18-19.) In Defendants' Post-Trial Brief, Defendants argued that a "plan or scheme to evade" under Rule 13d-3(b) requires evidence of a bad faith intent, and that CSX had failed to meet its burden of proving such intent because, *among other reasons*, as the Court had elicited from Mr. Hohn at trial, TCI reasonably relied on counsel's advice that Total Return Swaps did not trigger disclosure obligations under Section 13(d). (Defs. Br. at 50-57.) Mr. Hohn's testimony that he relied on the advice of counsel is evidence in the record that he acted in good faith. CSX could have objected to the testimony, cross-examined Mr. Hohn about the advice he received, or, if the testimony had been favorable to its position, relied on the testimony in support of its position. Instead, CSX did nothing. Accordingly, TCI's assertion of the attorney-client privilege during discovery should not preclude it from relying on evidence to which no objection had been interposed and that is in the trial record.

For the foregoing reasons, TCI should not be foreclosed from relying on advice of counsel as evidence that it acted in good faith in connection with whether it had any obligation to disclose its swap positions.

Respectfully submitted,

Howard O. Godnick

cc: Counsel of record