UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CSX CORPORATION,

                Plaintiff,

                v.

THE CHILDREN'S INVESTMENT FUND
MANAGEMENT (UK) LLP, THE CHILDREN'S
INVESTMENT FUND MANAGEMENT
(CAYMAN) LTD., THE CHILDREN'S
INVESTMENT MASTER FUND, 3G CAPITAL
PARTNERS LTD., 3G CAPITAL PARTNERS, L.P.,
3G FUND, L.P., CHRISTOPHER HOHN, SNEHAL
AMIN, AND ALEXANDRE BEHRING, A/K/A
ALEXANDRE BEHRING COSTA,

                Defendants.
------------------------------------------------------------
THE CHILDREN'S INVESTMENT MASTER
FUND,

                Counterclaim and Third-
                Party Plaintiff,

                v.

CSX CORPORATION AND MICHAEL J. WARD,

                Counterclaim and Third-
                Party Defendants.
------------------------------------------------------------
3G CAPITAL PARTNERS LTD., 3G CAPITAL
PARTNERS, L.P. AND 3G FUND, L.P.

                Counterclaim Plaintiffs,

                v.

CSX CORPORATION AND MICHAEL WARD,

                Counterclaim Defendants.
------------------------------------------------------------x

ECF CASE
08 Civ. 02764 (LAK) (KNF)

**MEMORANDUM OF LAW OF DEFENDANT SNEHAL AMIN IN SUPPORT OF A RULE 60(A) MOTION TO CORRECT THE JUDGMENT OF JUNE 11, 2008**

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Defendant Snehal Amin moves this Court to correct its Final Judgment and Permanent Injunction of June 11, 2008 (the "Judgment") (Swartz Aff. Exh.[1] 1), to remove him as a party personally bound by the permanent injunction against further violations of Section 13(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(d) (the '34 Act'), and Regulation 13D thereunder, 17 C.F.R. §§ 240.13d-1 through 13d-102.  Mr. Amin previously moved the Second Circuit Court of Appeals for leave to move this Court to correct the Judgment.  The Second Circuit granted that motion, by order dated July 24, 2008, and remanded the case to this Court for the limited purpose of entertaining this motion to correct the Judgment.  (Swartz Aff. Exh. 2.)

In its complaint, CSX alleged that defendants Alexandre Behring, Christopher Hohn and Mr. Amin violated Section 13(d) based on Section 20(a) control person liability. (Swartz Aff. Exh. 3 ¶¶ 121-25.)  Section 20(a) of the '34 Act provides:

> Every person who, directly or indirectly, controls any person liable under any provision of [the Exchange Act] or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a).

In its post-trial brief, CSX dropped its Section 20(a) claim against Mr. Amin, stating that "CSX no longer contends that Mr. Amin is a control person of TCI." (Swartz Aff. Exh. 4, p. 1, fn. 1.)  Consistent with that concession, the Court's opinion, dated June 11, 2008, stated that "CSX claims that Messrs. Hohn and Behring are jointly and severally liable for the violation of Section 13(d)" and found only Mr. Hohn and Mr. Behring liable for Section 13(d)

---

[1] Citations to "Swartz Aff. Exh." refer to the exhibits attached to the Affirmation of Michael E. Swartz, dated July 30, 2008.

violations pursuant to Section 20(a). (Swartz Aff. Exh. 5, p. 84-87.) The Court made no such finding with regard to Mr. Amin.

Notwithstanding the absence of any finding of liability against Mr. Amin, the Judgment states that "Defendants . . . are enjoined and restrained from violating Section 13(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(d), and Regulation 13D thereunder, 17 C.F.R. §§ 240.13d-1 through 13d-102." (Swartz Aff. Exh. 1.) Since Mr. Amin was a "defendant," it appears that he is permanently enjoined via the Judgment in his personal capacity even though CSX did not contend he was a control person and the Court did not find him to be a control person. Therefore, the Judgment should be adjusted to make it clear on its face that it does not apply to Mr. Amin personally. (Mr. Amin will continue to be bound by the Final Judgment in his capacity as a partner of The Children's Investment Fund Management (UK) LLP.)

CSX opposed Mr. Amin's motion to seek leave to correct the Judgment, as "unnecessary" given that "Mr. Amin is clearly not liable" and that there is "little risk that CSX would argue that Mr. Amin was personally enjoined." (Swartz Aff. Exh. 6, p. 1.) However, the permanent injunction entered against the defendants is not limited in scope to CSX, and instead states "defendants" are enjoined from any violation of Section 13-D with respect to any security. Therefore, even though CSX conceded that the Judgment does not apply to Mr. Amin personally, that does not eliminate the risk that non-parties may attempt to enforce the injunction against Mr. Amin in the future.

Finally, as it stands, because of the ambiguity of the Judgment, Mr. Amin appears to be a party to the pending Second Circuit appeal. The requested relief thus will facilitate removing Mr. Amin as a party to the appeal. *See U.S. v. All Assets of Statewide Auto Parts, Inc.*,

2

971 F.2d 896, 900 (2d Cir. 1992) (directing the clerk to change the official caption of the case to accurately reflect that the pending claim only pertained to one claimant-appellant, rather than to all the named claimants).

Accordingly, Mr. Amin moves to correct the Judgment to identify the specific defendants found in violation of Section 13(d), so that it identifies only those defendants bound by the Judgment. The form of the proposed Corrected Final Judgment and Permanent Injunction is attached hereto as Appendix A.

July 30, 2008                             Respectfully submitted,

                                          SCHULTE ROTH & ZABEL LLP


                                          By:   /s/ Michael E. Swartz
                                                Howard O. Godnick
                                                Michael E. Swartz
                                                919 Third Avenue
                                                New York, New York 10022
                                                Telephone:   (212) 756-2000
                                                Facsimile:   (212) 593-5955
                                                michael.swartz@srz.com

                                                Attorneys for Defendants The Children's
                                                Investment Fund Management (UK) LLP,
                                                The Children's Investment Fund
                                                Management (Cayman) Ltd., The
                                                Children's Investment Master Fund,
                                                Christopher Hohn and Snehal Amin

# APPENDIX A

### CORRECTED FINAL JUDGMENT AND PERMANENT INJUNCTION

This Court having duly come on for trial and the Court having rendered its findings of fact and conclusions of law, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1. The Children's Investment Fund Management (UK) LLP, The Children's Investment Fund Management (Cayman) Ltd., The Children's Investment Master Fund, 3G Capital Partners Ltd., 3G Capital Partners, L.P., 3G Fund, L.P., Christopher Hohn, and Alexandre Behring (collectively, "defendants"), their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of the foregoing who receive actual notice of this injunction by personal service or otherwise be and they hereby are enjoined and restrained from violating Section 13(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(d), and Regulation 13D thereunder, 17 C.F.R. §§ 240.13d-1 through 13d-102.

2. Plaintiff shall recover of defendants, jointly and severally, the costs of this action.

3. The counterclaims are dismissed with prejudice.

SO ORDERED.

Dated: August __, 2008

_____
Lewis A. Kaplan
United States District Judge