UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CSX CORPORATION,

                              Plaintiff,

v.

THE CHILDREN'S INVESTMENT FUND MANAGEMENT (UK) LLP, THE CHILDREN'S INVESTMENT FUND MANAGEMENT (CAYMAN) LTD., THE CHILDREN'S INVESTMENT MASTER FUND, 3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P., 3G FUND, L.P., CHRISTOPHER HOHN, SNEHAL AMIN AND ALEXANDRE BEHRING, A/K/A ALEXANDRE BEHRING COSTA,

                              Defendants.

---

THE CHILDREN'S INVESTMENT MASTER FUND,

                      Counterclaim and Third-Party Plaintiff,

v.

CSX CORPORATION AND MICHAEL WARD,

                      Counterclaim and Third-Party Defendants.

---

3G CAPITAL PARTNERS LTD., 3G CAPITAL PARTNERS, L.P. AND 3G FUND, L.P.,

                      Counterclaim Plaintiffs,

v.

CSX CORPORATION AND MICHAEL WARD,

                      Counterclaim Defendants.

ECF Case

08 Civ. 02764 (LAK) (KNF)

**MEMORANDUM OF CSX IN OPPOSITION TO DEFENDANT SNEHAL AMIN'S MOTION TO CORRECT THE JUDGMENT**

There is no "error" for the Court to correct, let alone any "clerical mistake or a mistake arising from oversight or omission". Fed. R. Civ. P. 60(a).

As Amin acknowledges, "CSX dropped its Section 20(a) claim against Mr. Amin" (Amin Br. 1), stating expressly that "CSX no longer contends that Mr. Amin is a control person of TCI" and that it was pursuing Section 20(a) claims against only Hohn and Behring. (CSX PFF at 1 & n.1.) Indeed, Amin recognizes that the Court "found only Mr. Hohn and Mr. Behring liable for Section 13(d) violations pursuant to Section 20(a) . . . [and] made no such finding with regard to Mr. Amin". (Amin Br. 1-2.) The Court made no "mistake" in reaching this conclusion, and Amin does not appear to contend otherwise.

Although Amin seeks to "identify the specific defendants found in violation of Section 13(d)" (Amin Br. 3), those specific defendants are already clearly identified in the Opinion. TCI, 3G and their control persons, Hohn and Behring, were found to have violated Section 13(d).

> "The Court has found that the defendants violated Section 13(d) in that (1) *TCI* did not file the required disclosure within 10 days of acquiring beneficial ownership in 5 percent of CSX shares, and (2) *TCI* and *3G* failed to file the required disclosure within 10 days of forming a group" and "[t]he Court has found also that *Hohn* and *Behring* are personally liable for the violations of TCI and 3G respectively". (Op. at 104 & n.313 (emphasis added).)

Thus, the Court made no "mistake" in the identification of which defendants were found liable.

When counsel first raised the "issue", we offered to stipulate that Amin would not be personally bound by the injunction. Amin rejected this offer and made a motion before the Court of Appeals. In our response to that motion in the Court of Appeals, we stated that "Mr. Amin is clearly not liable. There is therefore little risk that CSX would argue that Mr. Amin was personally enjoined based on a non-existent finding of a prior violation". (CSX Opp. 1.)

After the Court of Appeals remanded the case to allow Amin to make this motion, we again offered to stipulate that Amin would not be personally bound by the injunction. Amin

1

once again rejected this offer and made this motion, asserting that there is a "risk that non-parties may attempt to enforce the injunction against Mr. Amin in the future" as an individual. (Amin Br. 2.) The Court's findings and conclusions make clear that no such enforcement is possible because Amin was not held personally liable for the securities law violations. Thus, there is no "mistake" to correct and no such risk of enforcement against Amin personally.

Moreover, Amin concedes that the Court's judgment does bind him "in his capacity as a partner of [TCI]". (Amin Br. 2.) Thus, there is no practical difference between the judgment as it stands and Amin's proposed judgment. He must comply with the terms of the injunction. Amin's motion is thus unnecessary and a waste of judicial resources.

### Conclusion

For the foregoing reasons, Amin's motion to correct the judgment should be denied.

Dated: August 11, 2008
New York, NY

          Respectfully submitted,

          **CRAVATH, SWAINE & MOORE LLP,**

by _____
          Rory O. Millson
          Francis P. Barron
          David R. Marriott
          Members of the Firm

          825 Eighth Avenue
          New York, NY 10019
          (212) 474-1000

                    RMillson@cravath.com
                    FBarron@cravath.com
                    DMarriott@cravath.com

          *Attorneys for CSX Corporation*